IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Criminal No. 2:22-CR-167-001

v.

BRIAN GULLETT, D.O.,

      Defendant.

**DEFENDANT BRIAN GULLETT'S SENTENCING MEMORANDUM**

Defendant Brian Gullett ("Defendant"), by counsel, submits this Sentencing Memorandum in anticipation of his sentencing, scheduled for December 21, 2022.

**I.**

**The Presentence Report**

Defendant has filed one objection (discussed below) to the Presentence Report ("PSR"); however, that objections does not have an impact upon the Probation Officer's determination of Defendant's Total Offense Level (Paragraph 34 of the PSR), his Criminal History Category (Paragraph 38), his guideline imprisonment range (Paragraph 64), his eligibility for probation (Paragraph 65), nor does it have an impact upon the Probation Officer's conclusion that there are no factors which "would warrant a sentence outside of the applicable sentencing guideline range" (Paragraph 111).

Defendant agrees with the findings of the PSR that his Total Offense Level is 8, that his Criminal History Category is I (zero criminal history points), that his guideline imprisonment range is 0-6 months, that he is eligible for probation, and that there are no factors warranting a sentence

outside the 0-6 month applicable sentencing guideline range.

## II.

### Defendant's Presentence Report Objection

Defendant has objected to the inclusion of Paragraphs 17, 18, 19, and 21 in the PSR. Those paragraphs (which discuss the death of Orville Ray, III) do not affect the Probation Officer's findings, set forth above, and they are factually irrelevant to Defendant's sentencing. Defendant's objection is set forth *verbatim* on pages 24 and 25 of the PSR and that objection articulates in detailed why Mr. Ray's death is not part of this case. Defendant was not charged with Mr. Ray's death, nor does Defendant's conviction relate to Mr. Ray (Defendant's plea having been to aiding and abetting patient D.E.B. in the acquisition of a controlled substance by D.E.B.'s misrepresentation, fraud, forgery, deception and subterfuge). Moreover, Mr. Ray's death was caused by his abuse of a mixture of five prescription drugs by snorting ,and, prior to that abuse, Mr. Ray ingested, on the day of his death, "five oxycodone at one time." Very importantly, as noted in a footnote to Paragraph 18 of the PSR, the government has advised the Probation Officer that it could not prove whether the pills discovered at the scene of Mr. Ray's death "were from . . . HOPE Clinic or came from another source."

For the reasons stated, Defendant urges the Court to sustain his objection and order that the questioned paragraphs be stricken from the PSR.

## III.

### Defendant's Background/Acceptance of Responsibility

As reflected by the letters of support, addressed below, Brian Gullett is a young man, from humble beginnings, who has studied hard and worked hard to make something of himself. He has

2

paid his own way through college and medical school and has worked productively since becoming a physician. Aside from the actions which resulted in the instant conviction, for which he accepts full responsibility, Brian Gullett has proven to be a man of substance - - reliable, dependable and compassionate; he is devoted to his daughter and his family and has earned praise and respect from friends and co-workers alike. Defendant's lengthy statement, an addendum to the PSR, chronicles his life, his struggles, and his successes.

Starting with the filing of the indictment, almost five years ago, Defendant has been unable to secure regular employment, as a physician or otherwise, because of the indictment, Defendant has had to take bankruptcy and rely upon family for support; he has just recently been hired by UPS as a full-time employee, and is happy to be employed.

Acknowledging his conviction, and his acceptance of responsibility, Defendant has voluntarily surrendered, to the West Virginia Board of Osteopathic Medicine, his license to practice (a copy of a consent order being attached hereto as Exhibit A).

**IV.**

**Letters of Support**

Attached hereto are letters of support for Defendant from the following:

1.   **Adean Gullett**, Defendant's mother. (Exhibit B);

2.   **Sandra Ferrell**, Defendant's aunt. (Exhibit C);

3.   **Timothy R. Linkous**, a Morgantown, WV, attorney who has represented Defendant as a client and who then became a long-time friend. (Exhibit D);

4.   **Jason Freeman**, of Ona, WV, a professional engineer with the U.S. Army Corps of Engineers, a 25-year friend of Defendant. (Exhibit E);

3

5.   **Erica Barker Cook**, a Chapmanville, WV, attorney, a 30-year friend of Defendant. (Exhibit F);

6.   **Janet Ghigo**, an emergency medical technician (Rescue Chief for the Bartow, Frank, Durbin Volunteer Fire Co. and Rescue Squad), who has worked with Defendant when he was medical director of that Squad. (Exhibit G);

7.   **Kyna J. Moore**, a registered nurse who worked with Defendant in her capacity as Chief Nursing Officer at Pocahontas Memorial Hospital in Marlinton, WV. (Exhibit H); and

8.   **Twila Daniels**, a registered nurse who worked with Defendant at Pocahontas Memorial Hospital [a typed version of Ms. Daniels' letter has been prepared for purposes of legibility, the hand-written original also being attached]. (Exhibit I).

These letters of support share a common theme as they describe Brian Gullett as a generous hard-working, compassionate and thoughtful man. These letters also come from a variety of people-- family, friends, co-workers, and (in the case of Mr. Linkous) a professional who then became a friend; the comments of this diverse cross-section serve to underscore the character of Brian Gullett.

## V.

## 18 U.S.C. §3553 Factors/Request for Sentence of Probation

As noted in the PSR, Defendant is eligible to receive a sentence of probation. Such a sentence would be appropriate for Defendant and consistent with the guidance of 18 U.S.C. §3553. A sentence of probation would not minimize the seriousness of the offense, it would still promote respect for the law, it would provide just punishment, and it would serve as a deterrent to others' criminal activity. A sentence of imprisonment is not necessary to protect the public from further crimes of this Defendant and he does not need medical, vocational, or education training.

4

Defendant has been fully compliant with his terms of release, imposed almost five years ago, and he has accepted responsibility. Nothing is to be gained, for society or for Defendant, by the imposition of a term of imprisonment for this crime, committed almost ten years ago. Defendant, based upon his compliance to date, would appear to be a perfect candidate for a sentence of probation, with appropriate conditions.

## VI.

### <u>Conclusion</u>

For the reasons stated, Defendant urges the Court to sentence Defendant to a term of probation.

Respectfully submitted,

BRIAN GULLETT, D.O.,
Defendant

By counsel

*/s/ Harry A. Smith, III*
HARRY A. SMITH, III
Counsel for Defendant Brian Gullett, D.O.
W.Va. State Bar No. 3466
Jory & Smith, L.C.
P.O. Box 1909
Elkins, WV 26241
304-636-3553

5

## CERTIFICATE OF SERVICE

I, Harry A. Smith, III, hereby certify that on December 8, 2022, I electronically filed the *Defendant Brian Gullett's Sentencing Memorandum* using the CM/ECF system, which will send notification of such filing to appropriate CM/ECF participants:

Steven L. Loew
Assistant U.S. Attorney
steven.loew2@usdoj.gov

Monica D. Coleman
Assistant U.S. Attorney
monica.coleman@usdoj.gov

*/s/ Harry A. Smith, III*
Harry A. Smith, III (W.Va. Bar No. 3466)
Jory & Smith, L.C.
1 Randolph Avenue
P.O. Box 1909
Elkins, WV 26241
Telephone: 304-636-3553
hasmith@jorysmith.com

BEFORE THE WEST VIRGINIA BOARD OF OSTEOPATHIC MEDICINE

WEST VIRGINIA BOARD OF OSTEOPATHIC MEDICINE,

    Complainant,

v.                                      Complaint No. 2020-33

BRIAN GULLETT, D.O.,

    Respondent.

## CONSENT ORDER

The West Virginia Board of Osteopathic Medicine ("Board") and Brian Gullett, D.O. ("Dr. Gullett"), agree to entry of the following Consent Order pursuant to W. Va. Code § 30-14-1 *et seq.*, W. Va. Code § 30-1-1 *et seq.*, and the rules of the Board.

## FINDINGS OF FACT

The Board and Dr. Gullett stipulate to the truthfulness and accuracy of the following facts:

1.    Dr. Gullett is a licensee of the Board, possessing Board-issued license number 2218 to practice osteopathic medicine and surgery in the state of West Virginia.

2.    On February 15, 2018, an Indictment was filed in the United States District Court for the Southern District of West Virginia, Case Number 5:18-cr-00026, captioned *United States of America v. Blume, et al.*, against Dr. Gullett and several co-defendants related to their medical practice at Hitech Opioid Pharmachovigilance Expertise, PLLC ("HOPE Clinic").

3.    The original Indictment charged Dr. Gullett with multiple felony counts of distributing controlled substances not for legitimate medical purposes and outside the scope of professional practice.

4.    Several superseding indictments were subsequently filed against Dr. Gullett and his co-defendants.



**EXHIBIT**

A

5. On August 3, 2020, the Board initiated Complaint No. 2020-33 against Dr. Gullett based on the allegations set forth in the pending criminal matter.

6. On February 19, 2021, the Board and Dr. Gullett entered into an Agreement to Stay Proceedings during the pendency of the criminal matter.[1]

7. On September 6, 2022, an information was filed in the United States District Court for the Southern District of West Virginia, Case Number 2:22-cr-00167, captioned *United States of America v. Brian Gullett, D.O.*, charging Dr. Gullett with one (1) felony count of aiding and abetting obtaining a controlled substance by fraud related to his medical practice at HOPE Clinic.

7. On September 8, 2022, Dr. Gullett entered a guilty plea to one (1) felony count of aiding and abetting obtaining a controlled substance by fraud as set forth in the Information in Case Number 2:22-cr-00167.[2]

8. The Board and Dr. Gullett voluntarily enter into this Consent Order to resolve Complaint No. 2020-33.

## CONCLUSIONS OF LAW

1. The West Virginia Board of Osteopathic Medicine is a board of examination and registration created for the purpose of regulating the practice of osteopathic medicine and surgery in the state of West Virginia. W. Va. Code § 30-14-1 *et seq.*

2. W. Va. Code § 30-14-11(a)(1) imposes a non-discretionary duty upon the Board to revoke a license if a licensee has been convicted of a felony offense that involves the transfer, delivery, or illicit possession of a prescription drug.

---

[1] Although Dr. Gullett has continued to hold an active medical license during the pendency of the criminal matter, he has not practiced medicine in the state of West Virginia since being indicted.

[2] Pursuant to the Plea Agreement, the United States of America agreed to move the Court to dismiss the charges against Dr. Gullett in Case Number 5:18-cr-00026.

3.     Dr. Gullett's guilty plea to one (1) felony count of aiding and abetting obtaining a controlled substance by fraud is subject to the provisions of W. Va. Code § 30-14-11(a)(1).

## ACKNOWLEDGMENT OF RIGHTS

I, Brian Gullett, D.O., having read this 5-page document and by signing my name to it, understand and acknowledge the following:

1.     This is a legally binding document that affects my rights and privileges.

2.     I have the right to consult a lawyer concerning the terms of this agreement and the legal rights and remedies that may otherwise be available to me, and I have exercised that right in this case.

3.     I understand that I have a right to a hearing regarding any charges against me or any action taken against my license. The West Virginia Board of Osteopathic Medicine may not suspend, revoke or take any other disciplinary action regarding my license unless one of three conditions occur: 1) I give my consent to entry of an order restricting, suspending or revoking my license, or 2) the Board conducts a hearing before imposing any restriction, suspension or revocation, or 3) the Board finds that my continuation in practice constitutes an immediate danger to the public.

4.     I understand that, instead of accepting this agreement, I may demand that the Board prove the charges against me by presenting evidence in a hearing conducted under law. If I chose to have a hearing, I would not have the burden of proof. I could, however, present evidence on my own behalf and I would have the right to cross-examine any witnesses who might testify against me. I also understand that I have the right to subpoena witnesses and records in order to compel their production at the hearing.

5.     I acknowledge that this agreement is also a legally-binding Order.  If I accept this agreement, I admit to violation of standards of professional conduct. I also acknowledge and admit that, if I violate any terms and conditions of this Order, my violations may constitute an immediate danger to the public and that, for such reasons, the Board may suspend or revoke my license without a prior hearing.

6.     I understand that this is a public document and that the Board is legally obligated to allow any person to review this Consent Order. I also understand that this action and Order may be reported to other boards, to other jurisdictions, to the National Practitioner Data Bank, and to the Federation of State Medical Boards.

7.     I understand that, as a result of this Consent Order, other licensing boards and authorities may take adverse action against my licenses, including revocation.

### TERMS OF ORDER

**WHEREFORE**, based on the foregoing Findings of Fact and Conclusions of Law, and with the consent of Brian Gullett, D.O., the West Virginia Board of Osteopathic Medicine **ORDERS** as follows: Dr. Brian Gullett's license to practice osteopathic medicine and surgery in the state of West Virginia, license number 2218, is hereby **REVOKED**.

*[Remainder of page intentionally left blank]*

ACKNOWLEDGMENT OF LICENSEE:

I have reviewed the provisions of this Consent Order.  I agree to abide by the terms set out herein and to be bound by them.

Signed: _____
Brian Gullett, D.O.

Date: _____
11/14/22

ORDERED BY THE BOARD OF OSTEOPATHIC MEDICINE:

By agreement of the West Virginia Board of Osteopathic Medicine, it is so ORDERED and entered this 18th day of NOVEMBER

WEST VIRGINIA BOARD OF OSTEOPATHIC MEDICINE

By: _____
Jimmy W. Adams, D.O.
President
West Virginia Board of Osteopathic Medicine

11-17-22

Honorable Judge Volk

Dear Judge Volk,
    I am writing in reference to my son Brian Gullett. He has been a helpful, loving son. Brian has always pursued high goals, proven by his hard work to graduate high school, college, and medical school. He is kind, considerate, and respectful to everyone. This was taught and reinforced in our home from early childhood. He is honest and caring. He has always had a job until his current situation. He has a job now, and is happy to be going to work every day.
    I am very proud to be Brian's mother, and I hope he can continue to help and support his family.
    Thank you. Adean Gullett

EXHIBIT

B

Honorable Judge Volk

11-17-22

Dear Honorable Judge Volk,
    I am Brian Gullett's
aunt. I have known him
since his birth. He's a hard
working man who took good
care of his family. He was
a very good student with high
goals. He put himself through
both college and medical
school. He is and has always
been a very honest citizen.
He was well thought of in
his community while growing
up, and was helpful to his
neighbors. He has been and
still can be a positive
contributor to society and any
community will be blessed to
have him.
    Thank you for your
consideration.
                    Sincerely,
                    Sandra Ferrell

EXHIBIT

C



Timothy R. Linkous, Esq.
*Licensed in West Virginia
and Virginia

tim@linkouslawpllc.com

November 15, 2022

Re:   Brian Gullett, D.O.

To Whom It May Concern:

It is my honor to write this letter on behalf of Brian Gullett, D.O. I have known Brian for many years, and, if I had to estimate, I would estimate that I have known him for more than a decade. I have known him as a client and as a friend, and, therefore, I have a solid foundation from which I am able to provide this reference.

As is typical when I have a client, I spent many, many hours with Brian over the years. During the countless hours we spent together, I have known him to be an honest, hardworking, and generous person. When it came to his practice of medicine, I was able to interact with and speak with many other physicians and nurses who worked with him. Each and every one of those health care providers who worked with him always spoke very highly of him. I witnessed, firsthand, his compassion and dedication to his profession. I am generally aware the charges that were made against him and his plea arising out of the same. I do not have any firsthand knowledge of the underlying allegations, so I cannot speak to those other than I know this: Brian has accepted responsibility for his actions, has learned from them, and will in the future be a productive and responsible member of society.

Outside the practice of osteopathic medicine, Brian has proven to be an outstanding person. I knew Brian as a father and a husband before his separation from his wife, and I have known him as a father since that separation occurred. I can say without any reservation that Brian loves and cares for his daughter as much as any father I have ever seen. I can also say without any reservation or hesitation whatsoever that, despite his divorce and the strain that a divorce always places on relationships, he has done everything humanly possible to preserve his relationship with his daughter. He loves and cares for her the way God designed a father to care about his daughter.

Finally, I would like you to know that I consider Brian a friend. Though I certainly have a lot of people I would consider good acquaintances, rarely do I call someone a friend. Even though I have never socialized with Brian, I know his heart is genuine – I have seen it firsthand. I have spent time with him on the telephone while he was in tears about his daughter's health conditions and his separation from his wife. I have seen him work hard to do everything possible to remain a good influence and source of support for his daughter. I have seen him care about people, patients, and family. I have seen the fabric of his heart, and I know it to be good. That is

precisely the type of person that I am able to call a friend.

If you should need any further information about Brian, please let me know and I would be happy to provide that for you. Thank you for your time.

Very truly yours,

Timothy R. Linkous

Jason Freeman
2625 McComas Branch Road
Ona, WV 25545

November 27, 2022

Re: Brian C. Gullett

Harry Smith III
P.O. Box 1909
Elkins, WV 26241
ATTN: Honorable Judge Volk

To The Honorable Judge Volk:

My name is Jason Freeman. I am a professional engineer employed with the U.S. Army Corps of
Engineers in Huntington, WV. I have worked with the U.S. Army Corps of Engineers for over 14 years.
My wife and I have been married for almost twenty years and we have four children and reside in Ona,
WV. I am active in my community and serve in many youth programs.

I am writing this letter on behalf of Mr. Brian Gullett. I respect that the defendant has pled guilty to a
crime, and I wanted to provide a fuller picture of Mr. Gullett as a person. Mr. Gullett and myself have
been close friends for over 25 years. I attended high school and college with Mr. Gullett and we
continue to be friends to this day. In this time, he has proven to be of a fine and responsible character.
In general, Mr. Gullett is known for being a dedicated father, a hard worker, and a good friend. Mr.
Gullett's family has had a difficult path since his teenage years. His mother worked hard to provide for
her three sons on her salary alone. Brian recognized her sacrifice and was determined to set his goals
high in life. He is an intelligent individual and decided to pursue a degree in the medical field. I watched
him with very little financial support work himself through college and medical school. Even after he
had some medical issues set him back in medical school, Mr. Gullett pushed forward towards the goal
he set many years earlier. After Mr. Gullett became a doctor, he continued this same hard work ethic to
provide for his family, at times working multiple jobs to provide the best future he could for his daughter
Molly. Brian Gullett has demonstrated to me the type of responsible individual he is by the example he
sets as a father and a friend.

I understand the potential sentences that Mr. Gullett is facing. On behalf of Mr. Gullett, I would like to
ask the court for leniency in his case. I recognize the difficult task you have ahead of you, but I would
like for the court to consider the character of this man and the hard work ethic and responsibility to his
family and friends. I would like to thank the court for your time and consideration concerning Brian C.
Gullett.

Sincerely,





I appreciate you giving me the opportunity to write a letter for my friend, Brian Gullett. I have been friends with Brian for longer than 30 years. In fact, Brian has been one of my very best friends for longer than 25 years. While we were in high school, Brian's father was convicted and sentenced to prison. Despite such a loss to him and his family, Brian continued his education with the goal of becoming a doctor. Our careers took us on different paths, and we lost touch for a period after he met the woman he ultimately married. He stayed busy with medical school and all of the work that came along with becoming a doctor. Living in a small town, I kept up with Brian through conversations with his mother whom I would see out in the community from time to time. Brian was one of three students from my graduating class who became doctors. I was super proud of him.

Luckily, I reconnected with Brian and have remained close to him for the past 15+ years. The best part is that he is still the same Brian he was 30 years ago. He's funny, thoughtful, a big ole' nerd, kind, humble, and generous. For example, after Brian's painful divorce he wanted to reconnect with our group of friends and graciously took 3 of our closest friends on a trip to New Orleans. He paid for our entire trip, just because he wanted us to all be together like old times. I do know that prior to being indicted and losing most everything he had worked for, he generously supported his mom and brothers. It wasn't something he told me about, but something I learned after he was unable to help his family. These are just a few acts of generosity by Brian.

When Brian was indicted, I was heartbroken for him and frankly, I couldn't understand how it had happened. I am a lawyer and for the first 15 years of my practice I mainly performed court appointed work, including criminal appointments, abuse and neglect cases, and juvenile status/delinquent offenses. In this line of work, I learned firsthand the toll prescription drug abuse had taken on people and families. I remember one case I had where a parent went to the Hope Clinic for pain management. I remember 15+ years ago when doctors were prescribing clients or persons involved in my cases pain medications and it was so difficult to help and monitor these people in cases. Who were we in the legal profession to say how a patient should be prescribed certain medications. I was not a Doctor of Medicine. I know I contacted him about this parent to ask general questions (she was not Brian's patient) about how the clinic monitored patients because I really believed this parent was abusing her prescription medication from the Hope Clinic. After our conversation, I felt better about where Brian was working. However, I was happy when he

EXHIBIT

F

left that clinic as I believed these types of clinics did prescribe large amounts of narcotic medications and contributed to the drug epidemic. Times are different now. Now we know the damage these prescription medications have done in our communities.

Learning of Brian's admission of guilt has me conflicted. I'm sad knowing what he has done, but I am proud of Brian for owning up to it. I think a measure of a man is knowing you are wrong and admitting it. I do believe Brian is ashamed of what he has done and is sorry. I know if he could go back in time he would never have worked at that Clinic.

I do ask this Court to have mercy when sentencing Brian. He is a good son, a good brother, a wonderful father, and one of the best friends anyone could ever have. I have seen Brian at the highest point in his life and at his lowest. I love that he is the same guy he was 30 years ago no matter where he is in his life. He committed a terrible act, but it does not define who he is.

Thank you for considering my letter.

Sincerely,

Erica Barker Cook

# Bartow, Frank, Durbin Volunteer Fire Co.
## and
## Rescue Squad

DURBIN – GREEN BANK, WEST VIRGINIA

Mailing Address
P.O. Box 267
Durbin, WV 26264

Nov. 29, 2022

To: The Honorable Judge Volk

I am writing on behalf of Brian Gullett, DO.  During my 25 years as Rescue Chief for the Bartow-Frank-Durbin Fire and Rescue, I had the pleasure of having Dr. Gullett as our Medical Director. This is an important role in ambulance services because EMTs and paramedics provide care under the medical license of the Medical Director. The Medical Director reviews all paperwork for any refusal of service, determining that we provide a thorough enough assessment to make sure it is safe for the patient to refuse service. We are a small squad that responds to 911 calls with either ALS or BLS service. In addition to reviewing all refusals, Dr. Gullett reviewed 10 transporting runs per month (about 30% of the total 911 transports). He reviewed *all* ALS calls in which a control drug was given. The BLS calls were sorted to make sure he was reviewing charts from all providers.  His feedback was consistently useful. We made changes to our practices when his recommendations were in line with state protocol, then made those changes part of our routine care. Dr. Gullett was able to meet us at our station either before or after his hospital shift (saving us 50 miles of driving to the hospital). It was a joy to work with him.

Sincerely,

Janet Ghigo, EMT-P



**EXHIBIT**

G

## Harry A. Smith III

| | |
|---|---|
| **From:** | Moore, Kyna J. <Kyna.Moore.m@wvumedicine.org> |
| **Sent:** | Saturday, December 3, 2022 1:50 AM |
| **To:** | Harry A. Smith III |
| **Subject:** | Brian Gullett |

Dear Sir;

I am writing concerning Brian Gullett. I have been a Nurse for 40 years. Most have been spent in clinical administration and as Chief Nursing Officer in small rural hospitals.

I have also worked closely over the years with multiple physicians in multiple roles. It has always been a pleasure working with Brian Gullett for many reasons.

1. Brian has always been humble and willing to listen and learn from situations. He has been open to suggestions and practice changes when he understands the reasons for the situation.
2. Over the years I have observed him research and learn from various situations.
3. He has shown compassion to patients but I have observed him mature as time has passed. He has become much more confident in saying no to patients, listening and explaining why the situation needs to be handled differently. He has grown to realize a different perspective of responsibility. I have not seen this develop in many physicians.
4. Brian has been open to being mentored by other physicians especially as this situation has developed.

I believe this has come with age and maturity. I believe Brian has learned from this situation and will be willing to pass these lessons on to others.

Sincerely,

Kyna Moore, RN CEN TCRN

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.


EXHIBIT

H

To the Honorable Judge Volk:

I am writing you concerning Dr. Brian Gullett. I first met Dr. Gullett several years ago while working at Pocahontas Memorial Hospital. He was an emergency room physician that also worked the medical floor when necessary. He always reported to work on time. He has kept his education requirements and license current. He and I have stayed in contact for over 16 years. Dr. Gullett is a very thoughtful, dependable, considerate, nice gentleman. He is a family man. He has a young daughter that he loves very much. She also loves him very much. This daughter is not a teenager yet. She has had a history of cancer in which she had to have chemotherapy. (Thank God at this point she is ok) They talk almost every day. I praise him for the love and attention he has for her.

He has parents that also depends on him even though they live a distance apart. It is he calls his mother or she calls him just about everyday. He has been known to drive 4 hour to his mother and 4 hour back home in one day. This to me speaks a son's love for his parents and child.

I could not know a better man than Brian Gullett.

Thank you Judge Volk.

Twila Daniels
524 Old Campbelltown Road
Marlinton, WV



**EXHIBIT**

I

To the Honorable Judge Volk

I am writing you concerning Dr Brian Gullett, I first met Dr. Gullett several years ago while working at Pocahontas Memorial Hospital. He was and emergency room physician that also worked the medical floor when necessary. He always reported to work on time. He has kept his education requirements and license current.

He and I have stayed in contact for over 16 years. Dr. Gullett is a very thoughtfull, dependable, considerate, nice gentleman. He is a family man. He has a young daughter that he loves very much. She also loves him very much. This daughter is not a teenager yet. She has had a history of cancer in which she had to have chemotherapy. (Thank God at this point she is ok.) They talk almost every day. I praise him for the love and attention he has for her.

He has parents that also depends on him even though they live a distance apart. Itis he calls his Mother or she calls him just about every day. He has been known to drive 4 hour to his Mother and 4 hour back home in one day. This to me speak a son's love for his parents and child.

I could not know a better man than Brian Gullett

Thank you Judge Volk

Twila Daniels
524 Old Campbelltown Rd
Marlinton, WV