IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:22-cr-00167

BRIAN GULLETT

**SENTENCING MEMORANDUM OF THE UNITED STATES**

Now comes the United States of America, by Monica D. Coleman, Assistant United States Attorney for the Southern District of West Virginia, and submits this memorandum in aid of sentencing.

I. **Objections to the Presentence Report**

The defendant has one remaining objection to the PSR. Specifically, defendant objects to the inclusion of paragraphs 17, 18, 19, and 21, which relate to the death of O.R. The defendant argues that the information in these paragraphs is irrelevant to his sentencing on the offense of conviction. The defendant is not arguing that the information contained in these paragraphs is inaccurate. Because 18 U.S.C. § 3661 and USSG §1B1.4 provide that there is no limitation on the information that this Court may consider regarding the background, character, and conduct of the defendant, the United States believes that defendant's objection should be overruled.

II. **Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

  a. **Offense Conduct**

Between December 2013 and May 2014, defendant worked for the HOPE Clinic as a contract physician at its Charleston, West Virginia location. HOPE Clinic operated as a cash-based business that prescribed oxycodone and other Schedule II controlled substances to patients. As a

contract physician, defendant was paid an hourly rate of pay. In addition to his hourly rate, defendant was paid a bonus based on the clinic's monthly profit, which was driven by the number of customers who received and paid for opioid prescriptions. HOPE Clinic did not bill patients' insurance companies, did not require a physician referral or substantive medical records from its patients, and routinely did not recommend to patients other types of pain-relieving therapies such as physical therapy, massage therapy, or interventional pain management procedures. As reflected in the PSR, HOPE Clinic operated as a "pill mill" in that patients were prescribed unnecessarily large amounts of controlled substances over a period of time without legitimate medical purpose and outside the usual course of medica practice in exchange for excessive fees.

HOPE Clinic only required the patients to be seen by a physician every 90-days. However, patients were required to return to the HOPE Clinic every 28 days and pay the same price whether they saw the physician or a "narcotics auditor," who typically was a former law enforcement officer with no medical training. Narcotics auditors met with the patients on a monthly basis, took vitals, reissued prescriptions, and reviewed drug testing results to determine if a patient passed or failed. Despite drug screen failures, defendant continued to prescribe Schedule II narcotics to many patients, often without any comment.

In keeping with this practice, defendant reissued patient D.E.B. a prescription for 120 30-milligram oxycodone pills and added a prescription for 30 15-milligram oxycodone pills on March 13, 2013.  Defendant issued these prescriptions despite patient D.E.B. failing his drug screen taken at his February 2013 appointment. Defendant did not document any discussion with patient D.E.B. concerning his failed February 2013 drug screen, nor did he document any discussion with D.E.B. about possible addition or the need for addiction treatment. He also failed to address patient D.E.B.'s two previous failed drug screens. Defendant also never discussed patient D.E.B's

admissions to snorting/injecting substances, having a history of substance abuse, past participation in drug treatment, being asked to sell his medication, and being tempted to experiment with his medication. Further, defendant provided no reasoning for the addition of the 15-mg oxycodone prescription he added on March 13, 2013. Defendant clearly ignored numerous "red flags" of diversion in patient D.E.B.'s chart when he issued the prescriptions on March 13, 2013.

      **b.**      **History and Characteristics of the Offender**

Defendant is 46 years old. He has a doctor of osteopathy degree. Defendant is divorced and has one child. He maintains regular contact with his mother and father and sporadic contact with his two brothers. The defendant has no history of alcohol or drug abuse and is physically healthy.

**III.**      **Statutory Objectives**

      **a.**      **To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

      **b.**      **To Afford Adequate Deterrence**

      **c.**      **To Protect the Public from Further Crimes**

      **d.**      **To Provide Training/Medical Care/Treatment**

Based on the nature of defendant's conduct while acting a physician, the United States submits that a sentence at the top of guidelines of 6 months is appropriate. The defendant disregarded his responsibilities as a physician and prescribed very serious opiates in a manner inconsistent with his oath as a physician. A sentence of imprisonment at the high end of the guidelines will further act to deter other physicians from engaging in similar conduct while avoiding unreasonable sentencing disparities between similarly situated defendants and other defendants in this case who have previously been sentenced.[1]

---

[1] Karl O'Dell was previously sentenced to 6 months imprisonment pursuant to his guilty plea to conspiracy to introduced misbranded drugs in interstate commerce. Mr. O'Dell was a pharmacist

### IV.     Sentencing Range/Available Sentences

Defendant faces a statutory maximum of 4 years. His guideline range is 0-6 months. Because defendant falls in Zone A of the sentencing table, a sentence of imprisonment is not required. However, based on the serous nature of the offense and defendant's abuse of his role as a physician, the United States submits a sentence of imprisonment of 6 months is appropriate and within the statutory maximum.

### IV.     Witnesses/Length of Hearing

The United States does not intend to call any witnesses at the sentencing hearing. The hearing should last less than one hour.

### Conclusion

Defendant is a doctor who helped fuel the opioid epidemic in West Virginia and the surrounding areas. As such, the United States respectfully requests that the Court impose a sentence of 6 months' imprisonment.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

s/Monica D. Coleman
Monica D. Coleman
Assistant United States Attorney
WV State Bar No. 8536
300 Virginia Street, East
Charleston, WV  25301
Telephone:  304-345-2200
E-mail: monica.coleman@usdoj.gov

---

who agreed to make compounded oxycodone for the HOPE Clinic in order to meet the supply and demands of customers and knowing that there was no legitimate medical need for compounded oxycodone.

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 12th day of May, 2023, to:

>Harry A. Smith, III
>P.O. Box 1909
>Elkins, West Virginia 26241
>HaSmith@jorysmith.com

>s/Monica D. Coleman
>Monica D. Coleman
>Assistant United States Attorney
>WV State Bar No. 8536
>300 Virginia Street, East
>Charleston, WV  25301
>Telephone:  304-345-2200
>E-mail: monica.coleman@usdoj.gov